UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| WARREN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2: 18-101-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| PETER CARUSONE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court upon the motions for summary judgment filed by defendants Michael Kleier, Jerome Sye, Carrie Ray, and Jason Russell [R. 35] as well as Peter Carusone [R. 43]. The deadline for plaintiff Warren Smith to file a response to these motions has come and gone. See [R. 36, 39, 44] These motions are therefore ripe for decision.

Plaintiff Smith filed his complaint in this action pursuant to 42 U.S.C. § 1983 in June 2018. At the time, he was a pretrial detainee confined at the Kenton County Detention Center ("KCDC") in Covington, Kentucky. Smith alleged that on October 5-6, 2017 Deputy Carusone had "molested, groped and fondled my body in a sexual manner," and that deputies Sye and Russell and sergeants Kleier and Ray had later directly or impliedly threatened him when he complained about it. [R. 3 at 5; R. 3-2 at 2-4] Smith asserted that he undertook efforts to file an inmate grievance about these matters. [R. 3 at 7-8] Carusone's employment at KCDC was terminated in November 2017 for this and other conduct. [R. 35-4 at 5-7]

Upon initial screening the Court dismissed the § 1983 claims against these defendants in their official capacities, as well as all claims against Col. Dietz, Jailer Terry Carl, and Major Grigsby. [R. 8] Once the plaintiff properly identified the remaining defendants and federal

marshals served them with process, all but Carusone moved for summary judgment on September 4, 2018. [R. 35] The Court, both upon its own motion and in response to Smith's request, granted the plaintiff six additional weeks (until November 9, 2018) to file his response. [R. 36, 38, 39] Once Carusone filed his own motion for summary judgment [R. 43], the Court directed Smith to file a response to it by the same deadline, November 9, 2018 [R. 44].

At the outset of this case Smith was advised, as are all *pro se* plaintiffs, that:

If your mailing address or telephone number changes, you must **immediately** file a written Notice of Change of Address form. If you don't, the Court might rule against you on a motion or dismiss your case because it cannot contact you.

[R. 6 at 2 (emphasis in original)] In his September request for "time to get a lawyer..." Smith indicated that he expected to be "released on parole in the next month or two." [R. 38] Notwithstanding his anticipated release, Smith did not file any written notice of change of address with the Court. The Court's most recent orders were thus returned as undeliverable because, it appears, he was released from KCDC in October 2018. [R. 45, 46] Counsel for the defendants also filed notices into the record which show that service copies of his most recent motions were returned to him as undeliverable. [R. 47, 48] Handwriting on the envelopes returned to counsel stated that Smith was "released to Grant Co. Jail." [R. 47 at 1]

In an effort to locate the plaintiff, the Court searched the Grant County Jail's online roster of inmates, but Smith was not among them. See https://omsweb.public-safety-cloud.com/jtclientweb/(S(pjok5rvavm3jhd52pfya5uly))/jailtracker/index/Grant_County_Ky (last visited on November 30, 2018). However, the Court also searched the Kentucky Department of Corrections online database, which indicates that a "Warren Davis Smith" was convicted in Kenton County of various drug offenses in August 2018. See http://kool.corrections.ky.gov/KOOL/Details /485087 (last visited on November 30, 2018). Smith did not state his middle name in his complaint or in

2

any other motion, but the KCDC inmate account statement he filed in support of his motion to proceed *in forma pauperis* identifies him as "Smith, Warren Davis." [R. 2] See also [R. 35-4 at 3] It thus appearing that Smith is now confined at the Roederer Correctional Complex in LaGrange, Kentucky, the Clerk of the Court will be directed to update Smith's address and to send him copies of the prior orders that were returned as undeliverable. Defense counsel will be directed to do the same.

The Court will not, however, further defer consideration of the defendants' dispositive motions. It is the obligation of every party to keep the Court apprised of his current mailing address, and the failure to do so may constitute adequate grounds to dismiss the complaint without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). While *pro se* parties are given additional latitude in some respects, following simple directions and court procedures are not among them. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

But the Court does not find Smith's conduct sufficient to infer an intent to abandon his claims to warrant dismissal under Rule 41(b). See *Humphrey v. U.S. Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("if a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion."). Rather, when (as here) the nonmoving party fails to file a timely response, the Court still holds "the moving party to the burden established by the plain language of [Civil] Rule 56." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 410 (6th Cir. 1992). In other words, the Court cannot "grant summary judgment in favor of the movant simply because the adverse party has not responded." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead the Court is required "to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden." *Id*. In performing its task the Court may, however, "rely on the moving party's unrebutted

recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are 'uncontroverted.'" *Guarino*, 980 F.2d at 410. It need not "comb the record from the partisan perspective of an advocate for the [nonmoving] party." *Id*.

Smith's complaint could be liberally construed to assert a Fourteenth Amendment claim against Carusone for his alleged sexual harassment of Smith,[1] and a First Amendment retaliation claim against Kleier, Sye, Ray, and Russell for allegedly threatening him after he complained about it.[2] Before discussing the substance of Smith's claims, the defendants contend that Smith failed to exhaust his administrative remedies prior to filing suit, although their arguments differ from one another.

Federal law requires a prisoner to fully utilize the prison's inmate grievance system before filing suit to assert a civil claim regarding the conditions of his confinement. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...", *Woodford*

---

[1] The defendants suggest that Smith's claim against Carusone would arise under the Eighth Amendment. [R. 35-1 at 2] But Smith was confined at KCDC as a pretrial detainee, not a convicted prisoner, and hence such a claim would arise under the Fourteenth Amendment. Cf. *Leary v. Livingston Co.*, 528 F.3d 438, 443 (6th Cir. 2008).

[2] Smith also made a passing reference to the Prison Rape Elimination Act, 42 U.S.C. § 15601 *et seq*. in his complaint, but PREA is primarily a funding statute: it does not create rights enforceable by a private party in a civil action. *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) ("the PREA does not create a private cause of action which can be brought by an individual plaintiff.") (collecting cases); *Hodge v. Burkhart*, No. 15-CV-105-GFVT, 2016 WL 2986262, at *5 (E.D. Ky. May 20, 2016); *Chapman v. Willis*, No. 7:12-CV-389, 2013 WL 2322947, at *4 (W.D. Va. May 28, 2013) ("There is no basis in law for a private cause of action to enforce a PREA violation.").

*v. Ngo*, 548 U.S. 81, 90 (2006), a prisoner must file an initial grievance and any appeals within the time frames required by the prison's grievance procedure.

For his part, Carusone argues that Smith filed his inmate grievance one day too late, and did not appeal to the final level after it was addressed. Smith alleged that Carusone "molested, groped and fondled" him on October 5-6, 2017. [R. 3-2 at 5] KCDC's "Offender Grievance Procedure" requires an inmate to file a written grievance regarding jail conditions or staff conduct within 30 days after "the problem has occurred." [R. 35-15 at 5] Smith filed his grievance on November 6, 2017 [R. 35-3 at 1], which is 31 days after the latest of the two days. Smith's grievance was therefore untimely by one to two days. LCDC's grievance procedure also requires that an appeal be taken within five working days if the grievance is not resolved. [R. 35-15 at 6-7] Smith did not file any appeal to Level IV or V after his grievance was addressed at Level III under LCDC's grievance procedure. [R. 35-3 at 2] The documents filed into the record therefore establish that Smith's grievance was both untimely and not fully and completely exhausted. *Cohron v. City of Louisville, Ky.*, 530 F. App'x 534, 536 (6th Cir. 2013). Carusone is therefore entitled to summary judgment on the claim against him.

For their part, defendants Kleier, Sye, Ray, and Russell contend that Smith did not exhaust his administrative remedies because none of his inmate grievances identified any of them by name. [R. 35-1 at 4-7] These defendants reach the right result but for the wrong reason. The defendants rely upon the Sixth Circuit's holding in *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) that "... in order to satisfy the administrative exhaustion requirement, the content of the grievances ... must identify each defendant eventually sued." They also rely upon its decision in *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003), which held that "a prisoner must have alleged mistreatment or misconduct on the part of the defendant" eventually sued. However, the United

States Supreme Court squarely rejected these holdings in *Jones v. Bock*, 549 U.S. 199, 217 (2007). See *Grinter v. Knight*, 532 F.3d 567, 578 n.8 (6th Cir. 2008).

Instead, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218. With respect to the contents of an inmate grievance, KCDC's grievance procedure requires that "[t]he problem should be stated clearly and include such information as dates, times, names, places, references to inmate rules, and other data which helps to fully explain the problem." Also, "[t]he inmate should also explain on the form exactly what relief or remedy he/she expects to receive." [R. 35-15 at 5] While the grievance procedure states that the inmate should include "such information" as names, the types of information described are merely illustrative rather than categorically required. The procedure primarily requires that "[t]he problem should be stated clearly ..." In the absence of more specific requirements established by the grievance policy, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). See also *Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) ("Inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures.").

In this case, Smith's initial grievance stated in its entirety: "I was [inappropriately] touched by a staff member of KCDC and an [obscene] [gesture] was made [toward] me from (illegible) [Carusone]." [R. 35-3 at 1] None of the other grievances filed by Smith allege that he was threatened by any officer for filing grievances regarding Carusone's conduct. [R. 35-4 at 1-4; 35-5 through 35-13] These defendants are only mentioned in a May 2018 open records request where Smith requests their first names. [R. 35-9] Thus, Smith's grievances do not even mention the

6

conduct which forms the basis for his First Amendment retaliation claim against Kleier, Sye, Ray, and Russell. That omission deprived prison officials of notice of the problem and a first opportunity to correct it. See *Johnson v. Woodford*, No. CV 04-05995-GHK, 2010 WL 4007308, at *4 (C.D. Cal. April 20, 2010) ("Where one set of facts and circumstances gives rise to more than one potential claim, the plaintiff cannot exhaust all of the potential claims by merely exhausting one such claim."). Smith thus failed to exhaust his administrative remedies with respect to this claim. E.g., *Rodgers v. Tilton*, No. CIV S-07-2269, 2009 WL 3781075, at *8 (E.D. Cal. Nov. 10, 2009) (exhaustion of grievance arising out of alleged incident of excessive force by one guard did not exhaust administrative remedies for claims against other officers arising out of subsequent medical care or harassment by guards). These defendants are therefore entitled to summary judgment on the claims against them.[3]

Accordingly, it is **ORDERED** as follows:

1. The Clerk of the Court shall update the docket to reflect plaintiff Warren Smith's current mailing address:

> Warren Davis Smith, DOC # 301061
> Roederer Correctional Complex
> P.O. Box 69
> LaGrange, Kentucky 40031

2. The Clerk of the Court shall send to Smith a copy of:

   a. the current docket sheet;
   b. the Court's September 24, 2018, Order [R. 39]; and
   c. the Court's October 9, 2018, Order [R. 44].

---

[3] These defendants also state that Smith is asserting a claim that he was denied access to the courts on the ground that "he was denied his right to have his grievance against Carusone reviewed and possibly investigated by Kentucky State Police." [R. 35-1 at 8] While Smith filed a grievance seeking to have KSP investigate Carusone's conduct [R. 35-13], his complaint does not assert any claim that he was denied access to the courts.

7

3. Counsel for the defendants shall send to Smith a copy of:

   a. his Entry of Appearance on behalf of Defendant Peter Carusone [R. 41];
   b. his Amended Answer on behalf of Peter Carusone [R. 42]; and
   c. his Motion for Summary Judgment and its attachments [R. 43].

4. The motion of defendant Peter Carusone for summary judgment [R. 43] is **GRANTED**.

5. The motion of defendants Michael Kleier, Jerome Sye, Carrie Ray, and Jason Russell for summary judgment [R. 35] is **GRANTED**.

6. Plaintiff Warren Smith's complaint [R. 3] is **DISMISSED**.

7. The Court will enter an appropriate judgment.

8. This matter is **STRICKEN** from the active docket.

This 4th day of December, 2018.



Signed By:
*William O. Bertelsman* WOB
United States District Judge